

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-24-00411-CR

---

Alfredo Aguirre, Appellant

v.

The State of Texas, Appellee

---

On Appeal from the County Criminal Court No. 1
El Paso County, Texas
Trial Court No. 20200C09321

---

## MEMORANDUM OPINION

Appellant Alfredo Aguirre pleaded guilty to a Class B misdemeanor offense of driving while intoxicated (DWI). *See* Tex. Penal Code Ann. § 49.04(a), (c). Before he pleaded guilty, Aguirre filed a motion to dismiss on speedy trial grounds, which the trial court denied after a hearing. Pursuant to a plea-bargain agreement, the trial court placed him on deferred adjudication community supervision for 15 months. On appeal, Aguirre asserts the trial court erred in denying his motion to dismiss. Because we conclude that the State failed to rebut the presumption of

prejudice, or prove that Aguirre acquiesced to an over three-year delay in this case, we reverse the trial court's judgment and render judgment dismissing the prosecution with prejudice.

## I. BACKGROUND

On September 5, 2020, after Aguirre crashed his motor vehicle, officers of the El Paso County Sheriff's Office placed him under arrest on suspicion of DWI. Because he sustained injuries, he was transported to a hospital and released to medical personnel. While there, Aguirre consented to providing a blood specimen for testing. On November 12, 2020, the State charged Aguirre by information with one count of driving while intoxicated, alleging he operated a motor vehicle in a public place while he was intoxicated with an alcohol concentration level of 0.15 or more.[1] The State issued a capias for his arrest that following day.

The capias was not executed until May 5, 2024, when Aguirre was arrested for a different offense. On August 15, 2024, Aguirre filed a motion to dismiss for lack of speedy trial. On August 29, 2024, the trial court held a hearing on his motion. Neither Aguirre nor the State presented any witness testimony or proffered exhibits at the hearing. The trial court denied the motion to dismiss and entered findings of fact and conclusions of law. Among its factual findings, the trial court found that three years, five months and 23 days passed from the time the State filed the information to the time Aguirre filed his motion to dismiss for lack of a speedy trial.

On October 25, 2024, Aguirre pleaded guilty to driving while intoxicated reduced to a Class B misdemeanor and the trial court placed him on community supervision for a period of

---

[1] Texas Penal Code § 49.04(b) establishes that a DWI offense is typically a Class B Misdemeanor. This level offense is punished by a fine not to exceed $2,000, confinement in jail for a term not to exceed 180 days, or both such fine and confinement. *See* Tex. Penal Code Ann. § 12.22. However, Penal Code § 49.04(d) specifies that if the defendant's alcohol concentration level was 0.15 or more at the time of the offense, the charge is elevated to a Class A misdemeanor. *See* Tex. Penal Code Ann. § 49.04(d). A Class A misdemeanor DWI carries a higher maximum fine and longer potential jail sentence compared to a Class B misdemeanor DWI. The punishment for a Class A misdemeanor provides for a fine not to exceed $4,000, confinement in jail for a term not to exceed one year, or both such fine and confinement. *See* Tex. Penal Code Ann. § 12.21.

15 months. The trial court certified Aguirre had reserved his right to appeal the trial court's denial of his motion to dismiss.[2] This appeal followed. In a single issue, Aguirre contends the State violated his right to a speedy trial.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

The Sixth Amendment to the United States Constitution, which is applicable to the States by way of the Fourteenth Amendment, guarantees an accused the right to a speedy trial. *See* U.S. Const. amend. VI; *Balderas v. State*, 517 S.W.3d 756, 767 (Tex. Crim. App. 2016). Notably, the plain language of the Sixth Amendment limits the applicability of the Speedy Trial Clause only to "an accused." *State v. Gabaldon*, No. PD-0149-23, 2025 WL 2588858, at *7 (Tex. Crim. App. Sept. 3, 2025) (citing *United States v. Marion*, 404 U.S. 307, 313 (1971)). Thus, "the Speedy Trial Clause of the Sixth Amendment does not apply to the period before a defendant is indicted, arrested, or otherwise officially accused." *Id*. Rather, "[a]ny delay between commission of the crime and indictment is controlled by the applicable statute of limitations." *Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014).

In assessing speedy-trial claims, we apply the test established by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972). *See Balderas*, 517 S.W.3d at 767. When a defendant claims that his right to a speedy trial has been violated, courts examine four factors, known as the *Barker* factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *State v. Lopez*, 631 S.W.3d 107, 113 (Tex. Crim. App. 2021); *Balderas*, 517 S.W.3d at 767.

---

[2] A defendant may only appeal those grounds either raised in a written pretrial motion or appealed by permission of the trial court. Tex. Code Crim. Proc. Ann. art. 44.02.

In analyzing speedy-trial claims, courts must weigh the strength of each of the *Barker* factors and then balance their relative weights considering the State's and the defendant's conduct. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008). The evidentiary burden differs depending on the *Barker* factor at stake. The State carries the burden to justify the length of the delay. *Id.* at 280. The defendant must prove that he asserted the right to a speedy trial as well as prejudice. *Id.* The defendant's burden varies inversely with the State's culpability. *Id.* The greater the State's responsibility for the delay, the less the defendant must show diligence in asserting his right to a speedy trial or prejudice. *Id.* at 280–81. If the delay is lengthy, the defendant may be excused from showing prejudice. *See Gonzales*, 435 S.W.3d at 812–15.

We review a trial court's ruling on a speedy-trial complaint under a bifurcated standard. *Id.* at 808–09. Review of the individual *Barker* factors involves both factual determinations as well as legal conclusions, but "the balancing test as a whole is a purely legal question that we review *de novo*." *Lopez*, 631 S.W.3d at 114 (quoting *Balderas*, 517 S.W.3d at 768). We assess each factor individually yet balance them holistically. *Id.* at 114. We must uphold the trial court's ruling if it finds support in the record and is correct under any applicable theory of law. *Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003).

## III. DISCUSSION

### A. Length of the delay

In the first *Barker* factor—the length of the delay—the defendant carries the burden to show the delay is presumptively prejudicial. *Lopez*, 631 S.W.3d at 114. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. The delay is measured from the time the defendant is

4

arrested or charged to the time of trial or demand for a speedy trial. *State v. Lampkin*, 630 S.W.3d 559, 563 (Tex. App.—San Antonio 2021, no pet.).

Here, there was a delay of over three years and five months from the date the State charged Aguirre and the date he was arrested; or, measuring instead from the date the State charged Aguirre and the date he filed his motion to dismiss, there was a delay of three years and nine months.[3] The State has conceded, and the trial court found, that the length of the delay in this case was sufficient to trigger a review of Aguirre's speedy-trial complaint.

We agree that the near four-year delay in this case triggers a speedy-trial review, and the delay factor weighs against the State. *See Zamorano v. State*, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002) (en banc) (finding that in a "plain-vanilla DWI case, a delay of two years and ten months[] was sufficiently lengthy to trigger the court of appeals' analysis of the other *Barker* factors"); *Lopez*, 631 S.W.3d at 114 ("Generally, a delay of eight months to a year, or longer, is presumptively prejudicial and triggers a speedy trial analysis."). In addition to triggering the full speedy-trial review, this factor also weighs in Aguirre's favor.

## B. Reason for the delay

Under the second factor, the trial court reviews the State's reason or justification for the delay. *Barker*, 407 U.S. at 531; *Cantu*, 253 S.W.3d at 280. Different weights are assigned to reasons for the delay. *Balderas*, 517 S.W.3d at 768. Intentional or deliberate attempts to delay proceeding to trial should weigh heavily against the State. *Id.* A more neutral reason, such as official negligence or overcrowded trial court dockets, is afforded less weight but, nevertheless, may weigh

---

[3] We note that Aguirre points out that there was a delay of three years and eleven months from the date of his initial arrest following his car accident where he was released to medical personnel and when he filed his motion to dismiss. The difference between the three different measurements does not affect our analysis.

against the State, because the ultimate responsibility for proceeding to trial expeditiously rests with the State. *Barker*, 407 U.S. at 531; *Balderas*, 517 S.W.3d at 768.

The State has the burden to provide a valid reason or justification that would excuse the delay, and "in light of a silent record or one containing reasons [that are] insufficient to excuse the delay, it must be presumed that no valid reason for [the] delay existed." *Turner v. State*, 545 S.W.2d 133, 137–38 (Tex. Crim. App. 1976). Although an "unexplained" delay may weigh heavily against the State in some instances, if no evidence is presented that such a delay on behalf of the State was *deliberate*, this factor will weigh against the State, but not heavily. *Zamorano*, 84 S.W.3d at 649–51; *Gonzales*, 435 S.W.3d at 810.

From our record, it is apparent in this instance that the capias for arrest took over three years to execute on Aguirre. At the hearing on Aguirre's motion, the State acknowledged it had no evidence to present to explain its delay in prosecuting Aguirre and could not say whether it was due to negligence or a backed-up docket. The State essentially conceded this factor weighs against it.

Without reason for the delay, we conclude the second *Barker* factor weighs against the State. Nonetheless, because there is no evidence in the record showing the delay was due to the intentional or deliberate conduct of the State to delay prosecution, this factor does not weigh heavily against the State. *See Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003) (explaining that delays weigh against the State if not justified; to weigh heavily, however, there must be evidence of "a deliberate attempt on the part of the State to prejudice the defense").[4]

---

[4] In its brief, the State notes the trial court alluded to a concern that Aguirre might not have lived at the residence listed in the arrest warrant. The trial court noted on Aguirre's application for a court-appointed attorney he had listed a different address, and detailed that he had lived there for 28 years. Defense counsel offered it might have been a mistake by Aguirre. In any event, because the State offered no testimony explaining efforts it took to arrest Aguirre on the outstanding capias, or to otherwise explain difficulties it encountered in doing so, we cannot credit assertions it made without evidentiary support. *See Elsik v. State*, 714 S.W.3d 27, 34 (Tex. Crim. App. 2024) ("A prosecutor's on-the-record, unobjected-to, unsworn statements are ordinarily not evidence.").

### C. Assertion of the right to a speedy trial

The third *Barker* factor focuses on the defendant's assertion of his right to a speedy trial. *Balderas*, 517 S.W.3d at 771. A defendant carries the burden to prove he asserted his right. *Id*. His assertion "should be, at the very least, unambiguous." *Henson v. State*, 407 S.W.3d 764, 769 (Tex. Crim. App. 2013). "A defendant's lack of a timely demand for a speedy trial indicates strongly that he did not really want one." *Balderas*, 517 S.W.3d at 771. "The longer the delay becomes, 'the more likely a defendant who wished a speedy trial would be to take some action to obtain it.'" *Id*. The third *Barker* factor acknowledges "the reality that defendants may have incentives to employ delay as a 'defense tactic': delay may 'work to the accused's advantage' because 'witnesses may become unavailable, or their memories may fade' over time." *Vermont v. Brillon*, 556 U.S. 81, 90 (2009) (quoting *Barker*, 407 U.S. at 521). "Thus, 'inaction weighs more heavily against a violation the longer the delay becomes.'" *Balderas*, 517 S.W.3d at 771.

Importantly, "[t]he constitutional right is that of a speedy trial, not [to the] dismissal of the charges." *Cantu*, 253 S.W.3d at 281. Filing a motion to dismiss and requesting that the trial court dismiss the pending charges based on an alleged speedy-trial violation, as opposed to filing a motion for a speedy trial that requests a prompt trial setting, attenuates the strength of a speedy-trial complaint because it creates an inference that the defendant prefers no trial at all, rather than a speedy trial. *Id.*; *Phillips v. State*, 650 S.W.2d 396, 401 (Tex. Crim. App. [Panel Op.] 1983). As the trial court found here, Aguirre never asserted his right to a speedy trial but sought dismissal of his charges on speedy-trial grounds.

Aguirre contends his filing of a motion to dismiss for lack of a speedy trial satisfies the assertion of right requirement because there is no evidence that Aguirre was aware of the pending charges against him before he was arrested in May 2024. Because he filed his motion to dismiss

7

only three months after he was formally arrested, he contends he timely asserted his right to a speedy trial. *See United States v. Molina-Solorio*, 577 F.3d 300, 306–07 (5th Cir. 2009) ("[A] motion to dismiss is sufficient to satisfy factor three [when] . . . the record contains no evidence that he was aware of the indictment against him."); *United States v. Cardona*, 302 F.3d 494, 498 (5th Cir. 2002) ("There [was] no evidence that he knew of the charges against him until his arrest; thus this factor weighs *heavily* in Cardona's favor."); *see also Gonzales*, 435 S.W.3d at 812 ("Knowledge that police are merely investigating a possible crime is insufficient to put a defendant on notice to assert his right to speedy trial.").

The State contends that defense counsel had argued at the hearing that Aguirre had anxiety caused by knowing "there is this serious offense sort of looming over you, and not really understanding what's happening, where the other shoe dropped[.]" Based on this argument, the State asserts Aguirre knew of the charge against him. Additionally, the State asserts that, even if Aguirre did not know about the charge until May 2024, he otherwise filed five pretrial motions before filing his motion to dismiss. Still, despite these contentions, the record shows the State presented no evidence showing Aguirre knew of the charges earlier than May 2024, nor evidence that he acquiesced in the delay. *See Sanchez v. State*, No. 01-17-00751-CR, 2018 WL 6377140, at *3 (Tex. App.—Houston [1st Dist.] Dec. 6, 2018, no pet.) (mem. op., not designated for publication) (holding that this factor weighs in defendant's favor where neither side offered evidence as to whether he was aware of the charges prior to arrest).

We find this factor weighs against the State.

### D. Prejudice to the defendant

The final *Barker* factor requires that we determine whether, and to what extent, the defendant suffered prejudice because of the delay. *Barker*, 407 U.S. at 532. The weight of any

prejudice is assessed by considering the interests that the right to a speedy trial was designed to protect: (1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concerns of an accused; and (3) to limit the possibility that the defendant's defense would be impaired. *Id*. Of these interests, "the most serious is the last, because the inability of a defendant to adequately prepare his case skews the fairness of the entire system." *Id*.; *Balderas*, 517 S.W.3d at 772. Because Aguirre presented no evidence of oppressive pretrial incarceration or evidence of significant pretrial anxiety or concerns, the final *Barker* factor turns on the extent to which Aguirre's defense was impaired by the delay, if at all. *See Dragoo*, 96 S.W.3d at 315.

"Once triggered by arrest, indictment, or other official accusation, the speedy trial [inquiry] must weigh the effect of delay on the accused's defense just as it has to weigh any other form of prejudice that Barker recognized." *Doggett v. United States*, 505 U.S. 647, 655 (1992). A defendant has the burden to make some showing of prejudice, but a showing of actual prejudice is not required. *Balderas*, 517 S.W.3d at 772. In other words, "consideration of prejudice is not limited to the specifically demonstrable," as the United States Supreme Court further instructs that "affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Doggett*, 505 U.S. at 655

Rather, "*Barker* explicitly recognized that impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.'" *Id.* (citing *Barker*, 407 U.S. at 532). "[T]ime can tilt the case against either side," and courts cannot generally be sure "which of them it has prejudiced more severely." *Id*.; *Hopper v. State*, 520 S.W.3d 915, 923–24 (Tex. Crim. App. 2017) ( "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify"); *Gonzales*, 435 S.W.3d at 812 (recognizing in some cases a delay may be so

excessive that it may be considered "presumptively prejudicial," thus absolving the defendant of the initial burden of demonstrating prejudice); *Gonzalez v. State*, No. 08-16-00287-CR, 2018 WL 6061274, at *12 (Tex. App.—El Paso Nov. 20, 2018, no pet.) (not designated for publication) (same).[5] If the presumption applies, the burden then shifts to the State to "persuasively rebut" the presumption of prejudice by demonstrating that the defense was unimpaired by the delay, such as by establishing that no evidence was lost or impaired during the time of delay. *Gonzales*, 435 S.W.3d at 814–15.

Here, Aguirre contends the combination of the "extraordinary delay," the State's negligence in causing the delay, and the fact that the statute of limitations would have barred the claim had the information been presented on arrest, rather than filed and ignored for more than three years, all warrant a presumption of prejudice.[6] He relies on *State v. Mackenzie* from our sister court in Corpus Christi, which noted the statute of limitations would have barred the State's case, if it was not otherwise tolled, and no evidence was presented justifying the delay between the filing of the information and the subsequent arrest of the defendant more than three years later. *State v. Mackenzie*, No. 13-16-00006-CR, 2017 WL 3306427, at *5 (Tex. App.—Corpus Christi Aug. 3, 2017, no pet.) (mem. op., not designated for publication). The State counters that, because the delay in this instance was not as egregious as in cases with delays of five to ten years, the presumption should not apply.

---

[5] The prejudice presumption that triggers the rest of the *Barker* analysis under the first factor is distinct from the prejudice presumption that is the subject of the fourth *Barker* factor. *United States v. Duran-Gomez,* 984 F.3d 366, 374 n.6 (5th Cir. 2020) (citing *Barker*, 407 U.S. at 532).

[6] Aguirre points out the applicable statute of limitations for a Class A or Class B misdemeanor DWI, as it existed at the time Aguirre crashed his motor vehicle, provided that an information or indictment could be presented within two years from the date of the commission of the offense, and not afterward. Tex. Code Crim. Proc. Ann. art. 12.02(a)(1) (current version remains identical).

For sure, the Court of Criminal Appeals, and other courts as well, have applied the presumption of prejudice in cases where there is an extensive delay. *See Gonzales*, 435 S.W.3d at 814–15 (finding that "because of the State's negligence in failing to pursue appellant with diligence for six years," the presumption of prejudice applied and the State failed to rebut the presumption); *Sanchez*, 2018 WL 6377140, at *4 (applying presumption to a six-year delay between indictment for felony assault of a family member and arrest). And others, including this Court, have even applied the presumption in cases with delays nearing four years, like the case at hand. *See Shaw*, 117 S.W.3d at 889–90 (concluding that a delay of just over three years was presumptively prejudicial); *Dragoo*, 96 S.W.3d at 315 (same for a three-and-a-half-year delay); *Gonzalez*, 2018 WL 6061274, at *13 (recognizing that various courts have held that delays of three years or longer are presumptively prejudicial thus shifting the burden to the State). As a result, we agree with Aguirre that prejudice must be presumed in this instance due to the lengthy delay and the lack of evidence from the State establishing that Aguirre acquiesced in the delay. *See Gonzalez*, 2018 WL 6061652, at *12 ("Although a defendant is not entitled to this presumption if he acquiesced in the delay, if no such acquiescence is found, a reviewing court may presume that a lengthy delay adversely affected the defendant's ability to defend herself.").

The burden thus shifted to the State to "persuasively rebut" the presumption of prejudice. Because the State did not introduce any evidence in the trial court to detail reasons why Aguirre would not suffer prejudice from the delay, we conclude it has not rebutted the presumption of prejudice. *See Gonzales*, 435 S.W.3d at 813–15.

This final factor weighs in favor of Aguirre's speedy-trial claim.

### E. Balancing the *Barker* factors

The last step in the *Barker* analysis is a balancing of each factor's relative weight in light of the conduct of the parties. *Cantu*, 253 S.W.3d at 281; *Balderas*, 517 S.W.3d at 768. Because all of the factors weigh in favor of finding a violation of Aguirre's right to a speedy trial, the balance of these factors inevitably tilts in his favor absent some countervailing circumstance. Because the record does not disclose any countervailing circumstances, we hold the trial court erred in not finding a violation of Aguirre's right to a speedy trial.

Accordingly, we sustain Aguirre's sole issue.

## IV. CONCLUSION

We reverse the judgment of the trial court and render judgment dismissing the criminal complaint and information with prejudice.

GINA M. PALAFOX, Justice

January 5, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)